IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 13, 2006 Session

## STEVEN SCOTT MEANS, ET AL. v. DAVID VINCENT ASHBY, ET AL.

Appeal from the Circuit Court for Davidson County
No. 00A-35    Muriel Robinson, Judge

No. M2005-01434-COA-R3-CV - Filed on June 12, 2006

This is the second appeal of a protracted custody dispute among the parents and an aunt and uncle of a minor child. The aunt and uncle have had legal custody since 1997. This action commenced in 2000, when the aunt and uncle filed a petition to terminate the parental rights of the parents and the parents filed counter-petitions for custody. In 2002, the trial court dismissed the petition to terminate and custody remained with the aunt and uncle. On appeal this Court affirmed the dismissal of the petition to terminate but vacated the custody determination due to the application of an incorrect legal standard. The case was remanded for the trial court to determine the legal effect of the 1997 custody order on the pending custody claims. The record in this second appeal tells us the trial court failed to determine on remand the effect of the 1997 custody order. Having determined the record is inadequate for this Court to make the determination, we have no option but to vacate the judgment of the trial court and remand this matter once again.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Vacated and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Phillip R. Robinson and James C. Bradshaw, III, Nashville, Tennessee, for the appellant, David Vincent Ashby.

Michael W. Binkley, Nashville, Tennessee, for the appellees, Steven Scott Means and Cheryl Lynn Means.

Brenda Clark, Nashville, Tennessee for the appellee, Tawni Anne Means Ashby (Little).

## OPINION

The parties to this action are Tawni Means Little and David Ashby, the parents of the child at issue, and Scott and Cheryl Means, the aunt and uncle of the minor child. The first of many legal proceedings between the parties started in 1997 in the Circuit Court for Rutherford County when and

where the Means obtained legal custody of the child by order of the Circuit Court dated December 29, 1997. Subsequently, the Means filed a petition to terminate the parental rights of both parents in the Circuit Court for Davidson County. Both biological parents vigorously contested the petition and each filed a counter-petition seeking custody of their child. Following a bench trial the petition to terminate the parents' rights was dismissed; however, custody of the child was awarded to the Means based upon "exigent circumstances." The parties appealed. In 2003, this Court issued its first opinion in this matter wherein we remanded the custody issue to the Circuit Court of Davidson County. Some of the more significant findings and instructions set forth in our 2003 opinion are repeated below:

> Since the natural father, David Vincent Ashby, was not a party to the Order of December 29, 1997 entered in the Rutherford County Circuit Court, that Order, is ineffective as to him. Thus, his case is reviewable under *Askew* without regard to *Blair*. The natural mother, Tawni Anne Means Ashby Little, however, is a party to the December 29, 1997 Order, and whether or not her rights are controlled by *Askew* or by *Blair* depends on the effect of the December 29, 1997 Order on her.

>> Examining the principles applied in each of these cases with respect to custody modification issues, a natural parent enjoys the presumption of superior rights under four circumstances: (1) when no order exists that transfers custody from the natural parent; (2) when the order transferring custody from the natural parent is accomplished by fraud or without notice to the parent; (3) when the order transferring custody from the natural parent is invalid on its face; and (4) when the natural parent cedes only temporary and informal custody to the non-parents. Consequently, when any of these circumstances are present in a given case, then protection of the right of natural parents to have the care and custody of their children demands that they be accorded a presumption of superior parental rights against claims of custody by non-parents.

> *Blair*, 77 S.W.3d at 143.

> The difficulty is that the determinative Order of the trial court in this case of October 19, 2001 post-dates *Askew* but pre-dates *Blair*. The trial court, thus, did not address the question of the effect of the Rutherford County Custody Order entered December 29, 1997. This Rutherford County Order states:

>> This cause came on to be heard on the Petition filed jointly by the Mother of the minor child, who has sole custody, and the Aunt and Uncle of the minor child, with whom the child has lived for a period of approximately two years. The Petitioners respectfully request that custody be changed to the Uncle and his wife, Steven and Cheryl

-2-

Means, as it is in the best interest of the child, and the Court finding that it is in the best interest of the child, it is hereby

ORDERED that custody of the minor child, [M.A.] is hereby placed with Steven Scott Means and his wife, Cheryl Anne Means. It is further

ORDERED that the Clerk of the Court will forward to Steven Scott Means the child support payment of $215.00 currently being paid by the Father for the minor child, with that $215.00 per month being forwarded to Steven Scott Means at 3323 Old Hickory Blvd., Old Hickory, TN 37138. It is further

ORDERED that the costs of this cause are taxed to the Petitioners.

This custody Order appears on its face to be valid. However, when it was being investigated at the trial of this case and the attorney who had drafted the instrument testified, the trial court was much concerned about the Order and about the fact that the attorney was representing only Petitioners, Scott and Cheryl Means, and not the natural mother, as well as the fact that no service of process was ever had on David Vincent Ashby. It seems also clear from the testimony of the attorney drafting the Order that the primary purpose was to allow the minor child to be covered by insurance. The Order could not bind David Vincent Ashby, as it clearly comes within the second exception set forth in *Blair* since the Order was without notice to David Ashby. However, the question that cannot be answered by the record is whether or not, as to the natural mother, the fourth exception in *Blair* is applicable. This exception is, "when the natural parent cedes only temporary and informal custody to the non-parents." *Blair*, 77 S.W.3d at 143.

The trial court made a "best interest of the child" evaluation as to custody and then vested custody in Scott and Cheryl Means. As to the natural father, David Ashby, this analysis is in error, and as to the natural mother, Tawni Little, this analysis is in error unless the trial court finds the December 29, 1997 Order in the Circuit Court of Rutherford County to be valid as to the natural mother under *Blair v. Badenhope*.

We therefore vacate the judgment of the trial court and remand the case for further consideration by the trial court in light of *Blair v. Badenhope*. The analysis to be made by the trial court as to David Vincent Ashby is the analysis mandated by *In re Askew*. The analysis to be made as to Tawni Little is, first, to determine the effect of the December 29, 1997 Rutherford County Order on her. If the Order is effective, she must show a material change of circumstance, and only then, may the court make a best interest analysis. *See Blair*, 77 S.W.3d 137. If the Rutherford County Order is not binding on the natural mother, then her rights also must be determined under an Askew analysis. In an *Askew* analysis a natural parent can only

be denied custody upon a specific finding of substantial harm to the child. *See Askew*, 993 S.W.2d 1.

The situation is further complicated by the fact that the natural parents are not married to each other but have separate households. If a natural parent is to prevail, the trial court must decide the custody issue between those natural parents.

The action of the trial court in dismissing the Petition to Terminate the parental rights of David Ashby and Tawni Little is affirmed. The judgment of the trial court granting custody to Scott and Cheryl Means is vacated, and the case is remanded to the trial court for further consideration of custody issues in conformity with this Opinion. Pending such consideration custody will remain vested in Scott and Cheryl Means.

*Means v. Ashby,* 130 S.W.3d 48, 58 (Tenn. Ct. App. 2003).

Our 2003 opinion in this matter set forth a protocol for the trial court to consider on remand in its renewed analysis of the issues presented and, if appropriate, the analysis to be conducted pursuant to *Blair v. Badenhope,* 77 S.W.3d 137 (Tenn. 2002) and *In re Askew,* 993 S.W.2d 1 (Tenn. 1999).[1] One or both opinions may be crucial in the analysis of this complex custody battle; yet, before a *Blair* or *Askew* analysis may commence, the trial court must first determine whether the 1997 circuit court custody order transferring custody of the child to the Means was binding as to the mother. If so, one analysis applies; if not, a different analysis applies.

The trial court conducted a remand hearing on May 3, 2005 and found that neither biological parent posed a threat of harm to the child; yet, because the child had lived with the Means for seven and half years, the trial court ruled the child would remain in the Means' custody. Unfortunately, the trial court made no determination as to the legal effect of the 1997 circuit court custody order. We also note the trial court informed the parties that it would not entertain any new evidence, testimonial or otherwise, and its consideration of the matters on remand would be limited to the facts and circumstances as they existed at the time of the first trial on July 30, 31, and August 1 and 6, 2001.

---

[1]*Askew* recognized the superior parental rights of parents in a custody battle with non-parents. The *Askew* court held that in an initial custody dispute between parents and non-parents, a parent may only be deprived of custody of a child upon a showing of substantial harm to the child. *In re Askew,* 993 S.W.2d 1, 4 (Tenn. 1999). *Blair* modified the rule, holding parental rights do not apply where there is a court order of custody in place at the time the parent attempts to re-gain custody. *Blair v. Badenhope,* 77 S.W.3d 137, 146 (Tenn. 2002). Where a custody order is in place, the parent must prove a material change in circumstances that justifies a custody change in the child's best interest. *Blair* named four circumstances in which the parent enjoys the presumption of superior parental rights as established in *Askew*. They are: (1) when no order exists transferring custody from the natural parent; 2) when the order transferring custody is accomplished by fraud or without notice to the biological parent; 3) when the order transferring custody is invalid on its face; and 4) when the biological parent transfers custody temporarily to the non-parents. *Blair,* 77 S.W. at 143.

Tenn. Code Ann. § 36-6-106 provides the analysis for child custody determinations. The statute provides that "all relevant factors" are to be considered in child custody determinations, subject to certain exceptions. The trial court excluded all evidence of the child's circumstances for the preceding four years without explaining its reasoning. Some of the excluded evidence may have been relevant in determining custody in this matter, depending of course on the initial determinations we requested in our 2003 opinion. The stability of the custodial and non-custodial family, the mental and/or physical health of the custodial and non-custodial family and the school or community records for the child may have changed in the last four years; thus, we encourage the trial court to consider all relevant and admissible evidence depending, of course, on the trial court's initial determinations which will frame the issues. *See*, Tenn. Code Ann. § 36-6-106(a)(4)-(6).

We therefore vacate the judgment of the trial court and remand the case. As we instructed previously,

> The analysis to be made by the trial court as to David Vincent Ashby is the analysis mandated by *In re Askew*. The analysis to be made as to Tawni Little is, first, to determine the effect of the December 29, 1997 Rutherford County Order on her. If the Order is effective, she must show a material change of circumstance, and only then, may the court make a best interest analysis. *See Blair*, 77 S.W.3d 137. If the Rutherford County Order is not binding on the natural mother, then her rights also must be determined under an *Askew* analysis.

Depending upon the determinations made concerning the above issues, all relevant and material evidence relative to the remaining issues of custody shall be introduced and considered by the trial court in determining custody of the minor child. Pending such determinations, custody will remain with the child's aunt and uncle, Scott and Cheryl Means.

The judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against the four parties equally.

_____
FRANK G. CLEMENT, JR., JUDGE